**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-00326** |
| | § | |
| **DALE A. SCOGGINS and ALVIN E.** | § | |
| **NELSON, JR.,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

The United States of America files its Complaint against the Defendants Dale A. Scoggins and Alvin E. Nelson, Jr.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 3001 *et seq.*

2. The Court may exercise personal jurisdiction over Defendants because they reside in the Northern District of Texas.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside in this district.

## PARTIES

4. Plaintiff is the United States of America, acting on behalf of the United States Department of the Interior ("Interior Department").

5. Defendants are natural persons who reside in the Northern District of Texas.

**THE DEBT**

6.      On or about September 8, 2016, Defendants executed a guarantee ("Guarantee") of two loans made by Native Community Capital f/k/a Native Home Capital ("Native") to JAB Holding, LLC, ("JAB") of which Defendants were members.  A copy of the Guarantee is attached hereto and incorporated herein by reference as Exhibit A.

7.      These two loans were made under the Interior Department's Loan Guarantee, Insurance and Interest Subsidy Program as provided by 25 U.S.C. §§ 1481-1512 and 25 C.F.R. Part 103.

8.      JAB did not make the required payments on the loans and defaulted on its obligations.  Native sued Defendants under the Guarantee in cause number CV2020-005796 in the Superior Court of Maricopa County.  Defendants appeared in that action by counsel and on April 1, 2021 the trial court signed a summary judgment awarding Native a judgment against Defendants in the amount of $183,059.45 with postjudgment interest accruing at 5% per annum ("Final Judgment"). Defendants did not appeal the Final Judgment.

9.      Native filed the Final Judgment in the 370th Judicial District Court in Hidalgo County, Texas.  Defendants sought to have the 370th district court deny full faith and credit to the Final Judgment because it was filed in a county where they did not reside and because it purportedly failed to include the Superior Court judge's signature.  The district court denied this motion and its judgment was affirmed on appeal in *Scoggins v. Native Cmty. Capital*, No. 13-21-00270-CV, 2023 WL 3015392 (Tex. App.—Corpus Christi–Edinburg Apr. 20, 2023, pet. denied) (mem. op.). Attached as Exhibit B is a copy of the Final Judgment awarded by the Maricopa County Superior Court that is properly certified and attested, which Final Judgment is incorporated herein by reference.

10.     On or about April 3, 2024, the Interior Department paid a claim to Native pursuant to its own guarantee of the two loans and Native assigned all of its interest under the loans and guarantee to the Interior Department.  A true and correct copy of this assignment is attached as Exhibit C and incorporated herein by reference.

11.     There have been no payments made towards the judgment balance since the Final Judgment was signed.

## III.

## Claim for Relief

12.     Defendants owe the United States the full sum awarded by the Final Judgment.

13.     The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that the Final Judgment be given the "same full faith and credit" in this Court as it has in the state of the court which rendered the decision.

14.     The Final Judgment is final because it is conclusive of the proceedings before the Superior Court of Maricopa County, Arizona.

15.     The Final Judgment is valid because it is not void due to any constitutional infirmity, lack of jurisdiction, power of the rendering court, or other fundamental reason.  The Final Judgment was rendered pursuant to an exercise of power granted to the Arizona court, which possessed jurisdiction over the subject matter of the case and personal jurisdiction over Defendants.

16.     The Final Judgment is on the merits because it is an enforceable judgment issued at summary judgment establishing liability and damages.

17.     Accordingly, the Final Judgment is entitled to full faith and credit in this Court, pursuant to the Full Faith and Credit Act. *See* 28 U.S.C. § 1738. And alternately, the United States is entitled under principles of equitable subrogation and common law indemnification to recover against Defendants for the sums that the Interior Department advanced to cover amounts owing under the loans and guarantee for which Defendants had primary liability.

18.     Therefore, the United States is entitled to judgment in its favor and against Defendants as provided in the Final Judgment.

### PRAYER

The United States respectfully requests judgment against Defendants in the amount of $183,059.45 with interest on this amount at the rate of 5% per annum from April 1, 2021 to the date of judgment. The United States further requests interest at the post-judgment rate thereafter, its costs of suit and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAY & WOOD

By _____
     Doug W. Ray
     State Bar No. 16599200

300 Beardsley Lane, Suite B-100
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Facsimile)
dray@raywoodlaw.com
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## GUARANTEE OF PAYMENT AND PERFORMANCE

THIS GUARANTEE OF PAYMENT AND PERFORMANCE (this "**Guarantee**") is made this 8th day of September, 2016 by DALE A. SCOGGINS AND ALVIN E. NELSON, JR., jointly and severally as guarantors ("**Guarantors**"), for the benefit of ARIZONA TRIBAL COMMUNITY DEVELOPMENT FINANCIAL INSTITUTION, dba NATIVE CAPITAL ACCESS, a native community development financial institution, its successors, endorsees, and assigns (collectively, "**Lender**").

## INTRODUCTION

Lender has made (i) a commercial term loan to JAB Holding, LLC, a Navajo Nation limited liability company (the "**Borrower**") in the original aggregate amount of $98,120 (the "**Term Loan**") and (ii) a revolving line of credit in the maximum principal amount of $120,000 (the "**Revolving Loan**" and, together with the Term Loan, the "**Loans**") pursuant to a Loan Agreement, dated as of the date hereof, between the Lender and Borrower (the "**Loan Agreement**"). The Term Loan is evidenced by a promissory note in the amount of $98,120 (the "**Term Note**") and the Revolving Loan is evidenced by a promissory note in the amount of $120,000 (the "**Revolving Note**"), together with any modifications, amendments, replacements, substitutions, extensions, or renewals thereof (the Term Note and the Revolving Note are referred to herein as the "**Notes**").

The Notes are secured by a security interest in the inventory, accounts receivable and gross revenues of Borrower as set forth in a Pledge and Security Agreement executed by Borrower in favor of Lender (the "**Security Agreement**").

Guarantors are members of Borrower and will receive direct or indirect financial benefits from the making of the Loans.

As a condition precedent to making the Loans, Lender has required that Guarantors further secure the payment and performance of all the obligations of Borrower in connection with the Loans by entering into this Guarantee.

## GUARANTEE

NOW, THEREFORE, in consideration of the foregoing and to induce Lender to make the Loans to Borrower, Guarantors hereby agree as follows:

1.    Defined Terms.

(a)    As used in this Guarantee (i) "**Guarantor**" or "**Guarantors**," whether in the singular or the plural, means Dale A. Scoggins and Alvin E. Nelson, Jr., individually, jointly, and severally; and (ii) "**Loan Documents**" means, collectively, the Loan Agreement, the Notes, the Security Agreement, this Guarantee, and any and all other documents and agreements executed in connection with the Loans, as each such agreement may be modified, supplemented,

**EXHIBIT A**

consolidated, extended or reinstated from time to time, and all other documents evidencing or securing the Loan, together with any amendments, modifications, and supplements thereto.

(b)      The capitalized terms used but not defined in this Guarantee are used as defined in the Loan Agreement.

2.      <u>Guarantee of Payment and Performance</u>.

Guarantors hereby jointly and severally, absolutely and unconditionally, guarantee to Lender, that Guarantors will (a) pay to Lender any amounts necessary to pay, when due, all principal, interest, late charges, prepayment premiums, if any, and other payments required under the Loan Documents to be made by Borrower; and (b) perform all obligations of Borrower under the Loan Documents.

3.      <u>Remedies Not Exclusive</u>.

This Guarantee is a guarantee of payment and not of collection. This Guarantee may be enforced by Lender without the necessity at any time of resorting to or exhausting any other security, collateral, or guarantee, and without the necessity at any time of having recourse to the Loan Documents or any of the collateral granted to Lender by the Security Agreement or otherwise or enforcing any rights Lender may have against any other person or entity. Nothing contained in this Guarantee shall prevent Lender from exercising any other right available to it under the Loan Documents or against any other person or entity, and the exercise of any of such rights shall not constitute a legal or equitable discharge of Guarantors, it being the purpose and intent of Guarantors that their obligations under this Guarantee shall be absolute and unconditional under any and all circumstances.

4.      <u>No Discharge or Effect Upon Liability</u>.

Each Guarantor hereby waives notice of acceptance of this Guarantee by Lender and any and all notices and demands of every kind and description which may be required to be given by any statute or rule of law, including but not limited to presentment, notice of dishonor, and protest. The liability of Guarantors shall in no way be affected, diminished, or released by any forbearance which may be granted to Borrower (or to any successor to it or to any person or entity which shall have assumed the obligations of Borrower under the Loan Documents) or by any waiver of any term, covenant, or condition in the Loan Documents by Lender or by reason of any change or modification in any of the Loan Documents, or by the acceptance of additional security or collateral for the Loans or the release by Lender of any such security or collateral. Lender and Borrower may extend, at any time or from time to time, the maturity of the Notes or any payment due thereunder, without releasing, discharging, or affecting the liability of Guarantors under this Guarantee.

5.      <u>Representations and Warranties</u>. Each Guarantor hereby represents to Lender that:

(a)      To Guarantor's knowledge, there are no defenses or set-offs with respect to this Guarantee or the Loan Documents or with respect to the collection or enforcement of the same.

1542039

2
**EXHIBIT A**

This Guarantee constitutes the legal, valid, and binding obligation of Guarantor enforceable in accordance with its terms, Guarantor has full power and authority to guarantee the Loans and to enter into and perform the terms and conditions of this Guarantee, Guarantor has obtained all necessary approvals and consents to the guaranteeing of the Loans as contemplated by this Guarantee;

(c)     The compliance with or fulfillment of the terms and conditions of this Guarantee will not conflict with, violate, constitute a default under, or result in a breach of the terms, conditions, or provisions of any contract or agreement to which Guarantor is a party or by which Guarantor is otherwise bound;

(d)     Guarantor is not (i) a party to any action, suit, or proceeding at law or in equity, or by or before any governmental instrumentality or agency, (ii) aware of any facts, allegations, claims, or circumstances that may result in Guarantor becoming a party to any action, suit, or proceeding at law or in equity, or by or before any governmental instrumentality or agency, (iii) engaged in any settlement negotiations relating to any claim or allegation, or (iv) a judgment debtor;

(d)     Guarantor does not have any direct or indirect financial liability for delinquent taxes or debt obligations.

(e)     Guarantor has a direct or indirect financial interest in Borrower. This Guarantee is made in furtherance of the interests of Guarantor, and the assumption by Guarantor of its obligations under this Guarantee will result in direct or indirect financial benefits to Guarantor by inducing Lender to make the Loan.

6.     Additional Remedies and Covenants.

(a)     Each Guarantor hereby waives the benefit of any and every statute, ordinance, common law decision, or rule of court which may be lawfully waived conferring upon such Guarantor any right or privilege of exempting real or personal property from execution, homestead rights, stay of execution, or supplementary proceedings, or other relief from the enforcement of a judgment or related proceedings on a judgment, and Guarantor shall claim no such right or privilege, to the extent permitted by law, under or by virtue of any such statute, ordinance, common law decision, or rule of court now in force or which may hereafter be passed.

(b)     If Lender engages attorneys for collection on this Guarantee after the occurrence of an Event of Default, each Guarantor agrees to pay, in addition to all amounts due as provided by Section 2, all actual costs of collecting or attempting to collect such amounts, including but not limited to actual attorneys' fees and expenses (including those incurred in connection with any appeal).

(c)     Each Guarantor does hereby authorize any clerk of any court of record or any attorney, upon the occurrence of an Event of Default, to enter in any court of competent jurisdiction in the Navajo Nation, the State of Arizona, any other state or territory of the United States judgment by confession against Guarantor and in favor of Lender for the principal amount

1542039

3
EXHIBIT A

of the Loans, together with all accrued and unpaid interest thereon, the late charges, and actual attorneys' fees thereof and court costs, without stay of execution or right of appeal and expressly waiving the benefit of all exemption laws and all irregularity or error in entering such judgment or the execution thereon. No single exercise of the foregoing power to confess judgment shall be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void, but the power shall continue undiminished, and it may be exercised from time to time as often as Lender shall elect, until such time as Lender shall have received payment in full of all indebtedness of Borrower to Lender.

(d)    Upon the occurrence of an Event of Default, Lender shall have the right, in addition to all other remedies provided by this Guarantee, the Security Agreement or the other Loan Documents, or at law and in equity, to set-off or recoup any or all amounts due under this Guarantee against any and all accounts, credits, money, securities, or other property on deposit with, held by, or in the possession of Lender to the credit of or for the account of either Guarantor, without prior notice to or consent by Guarantor.

7.    <u>Subordination and Waiver of Claims</u>.

(a)    Each Guarantor hereby subordinates to the claim of Lender any indebtedness of Borrower to Guarantor, by (i) subrogation, indemnity, reimbursement, contribution, or otherwise, by reason of any act done or any payment made by Guarantor as provided by this Guarantee; (ii) any contract with Borrower, including but not limited to fees for management or consulting services; and (iii) distributions to members of Borrower, including but not limited to distributions to any entity controlled by Guarantor (collectively, the "**Subordinated Debt**"). Each Guarantor agrees that, until all indebtedness of Borrower to Lender has been paid in full, Guarantor shall not seek, accept, or retain for Guarantor's own account any payment from Borrower on account of the Subordinated Debt. Each Guarantor shall hold in trust for Lender any amounts received by Guarantor on account of the Subordinated Debt, and shall promptly pay over such amounts to Lender duly endorsed by Guarantor to Lender, if required, on account of the Loans, without impairing or releasing the obligations of Guarantor under this Guarantee.

(b)    Each Guarantor hereby unconditionally and irrevocably agrees that (i) Guarantor shall not assert against Borrower's estate, if Borrower becomes the subject of any case or proceeding under the bankruptcy laws of the United States, any right or claim (as defined in 11 U.S.C. § 101(4)) to any portion of the Subordinated Debt, and (ii) Guarantor waives and releases all such rights and claims which Guarantor may have now or at any time against Borrower's estate if Borrower becomes the subject of any case or proceeding under the bankruptcy laws of the United States.

(c)    Each Guarantor irrevocably and absolutely waives any and all rights of subrogation, contribution, indemnification, reimbursement, or any similar right against each other Guarantor, whether such rights arise under an express or implied contract or by operation of law, it being the intention of the parties that no Guarantor shall be deemed to be a "creditor," as defined in Section 101 of the United States Bankruptcy Code, of any other Guarantor by reason of this Guarantee if a Guarantor becomes a debtor in any proceeding under the bankruptcy laws of the United States. So long as any of the obligations of Borrower evidenced or secured by the Loan Documents remains outstanding, each Guarantor shall hold in trust for

1542039

4

**EXHIBIT A**

Lender any amounts received by Guarantor on account of any of the rights waived in this Section 7(c), and shall promptly pay over such amounts to Lender duly endorsed by Guarantor to Lender, if required, on account of the Loans, without impairing or releasing the obligations of Guarantor under this Guarantee.

(d)    The provisions of this Section 7 shall survive the term of the Loans and the payment in full of the obligations evidenced or secured by the Loan Documents.

8.    Notices.

All notices, demands, and other communications between Guarantors and Lender required or desired to be given in connection with this Guarantee, to be effective hereunder, shall be given as provided by the Loan Agreement, with notices, demands, and other communications to Guarantors given in care of Borrower.

9.    Financial Reporting.

Guarantors shall provide to Lender any financial reports of Guarantor required by Section 7.1 of the Loan Agreement.

10.    Miscellaneous.

(a)    EACH GUARANTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH GUARANTOR AND LENDER MAY BE PARTIES, ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS GUARANTEE OR THE LOAN DOCUMENTS. THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS, INCLUDING CLAIMS AGAINST PARTIES WHO ARE NOT PARTIES TO THIS GUARANTEE OR SUCH OTHER DOCUMENTS.

(b)    This Guarantee shall not be amended or modified in any manner except by a document in writing and executed by Lender.

(c)    The rights, powers, privileges, and discretions to which Lender may be entitled under this Guarantee or the other Loan Documents (collectively, the "rights") shall inure to the benefit of Lender and its successors, assigns, transferees, and endorsees. All the rights of Lender are cumulative and not alternative and may be enforced successively or concurrently. Failure of Lender to exercise any of its rights shall not be deemed a waiver thereof and no waiver of any of its rights shall be deemed to apply to any other rights nor shall it be effective unless in writing and executed by Lender. The terms, covenants, and conditions of or imposed upon Guarantors in this Guarantee shall be binding upon each Guarantor's heirs, personal representatives, successors, and permitted assigns.

(d)    Guarantors may not delegate or assign any of their rights or obligations under this Guarantee without the prior written consent of Lender.

1542039

5

**EXHIBIT A**

(e)    This Guarantee, together with the other Loan Documents, is the entire agreement between the parties with respect to the matters set forth herein and therein, and all prior statements, discussions, negotiations, and agreements, oral or written, are superseded by this Guarantee and the other Loan Documents and merged herein and therein.

(f)    If any provision (or any part of any provision) contained in this Guarantee shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Guarantee but this Guarantee shall be construed as if such invalid, illegal, or unenforceable provision (or part thereof) had never been contained herein, but only to the extent it is invalid, illegal, or unenforceable.

(g)    This Guarantee may be executed in any number of counterparts, all of which when executed and delivered shall constitute one instrument and be of the same binding effect as a single, fully executed original of this Guarantee. This Guarantee shall be effective and enforceable against any Guarantor upon the execution and delivery by such Guarantor of such a counterpart or a single original hereof.

(h)    Time is of the essence of this Guarantee.

(i)    This Guarantee shall be interpreted and enforced according to the laws of the Navajo Nation; provided, however, that if the laws of the Navajo Nation are silent with respect to a given issue, the laws of the State of Texas shall apply.

(j)    Guarantors (i) irrevocably submit to the nonexclusive jurisdiction of the courts of the Navajo Nation, the State of Arizona, any other court of competent jurisdiction, and any appellate courts thereof, and (ii) irrevocably waives any objection which he or she may have at any time to the laying on venue of any suit, action or proceeding arising out of or relating to this Agreement brought in any such court, irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

*[Signature Page Follows.]*

1542039

6

EXHIBIT A

IN WITNESS WHEREOF, Guarantors have duly executed and delivered this Guarantee of Payment and Performance on the date first written above.

GUARANTORS:

_____
DALE A. SCOGGINS, a married individual

_____
ALVIN E. NELSON, JR., a married individual

1542039

Signature page to Guarantee of Payment and Performance

**EXHIBIT A**

Electronically Filed
Clerk of the Superior Court
8/7/2021 12:00 ... or Court
Hidalgo County District Clerks
Reviewed By: Jose Hernandez
J. Ladlen, Deputy
4/2/2021 8:00:00 AM
Filing ID 12725686

Michael J. Harris No. 031489
Harris@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Attorneys for Plaintiff

**SUPERIOR COURT OF ARIZONA**

**MARICOPA COUNTY**

| | |
|---|---|
| NATIVE COMMUNITY CAPITAL, fka NATIVE CAPITAL ACCESS, a non-profit New Mexico corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAB HOLDING LLC, a Navajo Nation limited liability company, DALE A. SCOGGINS, an individual, and ALVIN E. NELSON, JR., an individual,<br><br>Defendants. | No. CV2020-005796<br><br>**JUDGMENT AGAINST DALE A. SCOGGINS AND ALVIN E. NELSON, JR.** |

The Court, having considered Plaintiff's Motion for Summary Judgment on Count Two of Its Complaint (the "Motion for Summary Judgment"), Defendants Dale A. Scoggins and Alvin E. Nelson, Jr.'s Response, Plaintiff's Reply thereto, and the oral argument by the parties on February 12, 2021:

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is granted and that Plaintiff Native Community Capital fka Native Capital Access is granted JUDGMENT in its favor and against Defendants Dale A. Scoggins and Alvin E. Nelson, Jr. in the amount of $183,059.45, plus Plaintiff's reasonable attorneys' fees in the amount of $23,730.78, plus taxable costs in the amount of $440.20, with interest on the foregoing sums at the rate of 5% per annum (the rate set by contract between the parties) from the date of this Judgment until paid in full, plus Plaintiff's reasonable attorneys' fees and costs incurred after the entry of this judgment in connection with the enforcement hereof.

2950417.v1

**EXHIBIT B**

Electronically Filed
8/7/2021 12:35 PM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

IT IS FURTHER ORDERED that no further matters remain pending and that the judgment is entered under Rule 54(c).

DATED this ____ day of _____, 2021.

_____
Honorable Randall H. Warner
Maricopa County Superior Court

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

2950417.v1

2

**EXHIBIT B**

Electronically Filed
07/2021 12:26 PM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

ae 1 of 1

Filing ID: 12725686   Case Number: CV2020-005796
Original Filing ID: 12672427

Granted with Modifications



/S/ Randall Warner Date: 4/1/2021

Judicial Officer of Superior Court

**EXHIBIT B**

Electronically Filed
6/7/2021 12:25 PM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

ENDORSEMENT PAGE

ᴜᴍBER: CV2020-005796                    SIGNATURE DATE: 4/1/2021

ꜰILING ID #: 12725686                   FILED DATE: 4/2/2021 8:00:00 AM


JEFFREY GREGORY ZANE


MICHAEL HARRIS


MICHAEL N POLI


J A B HOLDING L L C
NO ADDRESS ON RECORD


WELLS FARGO BANK N A
MAC S4001-01E P O BOX 29779
PHOENIX AZ 85038


**EXHIBIT B**

Electronically Filed
6/7/2021 12:25 PM
Hidalgo County District Clerks
Reviewed By: Jose Hernandez

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

STATE OF ARIZONA )
 ) ss.  Cause Number:    CV2020-005796
COUNTY OF MARICOPA )

I, JEFF FINE, the duly elected Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa, having official custody of the Court's records, do hereby certify and attest the foregoing to be a full, true and correct copy of the original:

 JUDGMENT AGAINST DALE A SCOGGINS AND ALVIN E NELSON Filed 04/02/2021
 JR.

on file and of record in my office, and I have carefully compared the same with the original, all of which I have caused to be authenticated according to the act of Congress (28, US, Sec. 1738) and the Arizona Rules of Evidence.

_____
Clerk of the Superior Court

STATE OF ARIZONA )
 ) ss.
COUNTY OF MARICOPA )

I, JOSEPH C. WELTY, Presiding Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, do hereby certify that said Court is a Court of Record having a Clerk and Seal. That JEFF FINE, who signed the foregoing certificate, is the duly elected Clerk of said Superior Court. That said signature is his authorized signature, and that all of his official acts, as such Clerk, are entitled to full faith and credit.

I further certify that said attestation is in due form of law.

IN WITNESS WHEREOF, I have hereunto set my hand in my official capacity as such Judge, and affixed the seal of said court, this date:

 04/12/2021

_____
Presiding Judge of the Superior Court

STATE OF ARIZONA )
 ) ss.
COUNTY OF MARICOPA )

I, JEFF FINE, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa, do hereby certify that the Honorable JOSEPH C. WELTY, whose name is subscribed to this certificate, is the Presiding Judges of the Superior Court of Arizona, in and for the County of Maricopa, duly commissioned and qualified, and that the signature of said Judge to said certificate is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of said Court this date: 04/12/2021

_____
Clerk of the Superior Court

**EXHIBIT B**

DocuSign Envelope ID: A36F028B-D2EB-469A-955C-326E8BC7F90D

# ASSIGNMENT OF LOAN DOCUMENTS AND RELATED RIGHTS

Native Community Capital f/k/a Native Home Capital ("Lender") hereby assigns to the Department of the Interior ("Department") all rights the Lender has under the loan documents identified on the attached **Exhibit A**.  The Lender makes this Assignment under the terms of the Department's Loan Guarantee, Insurance and Interest Subsidy Program, 25 U.S.C. §§ 1481 *et seq.*, 1511 *et seq.*, and 25 CFR Part 103 (the "Program"), upon final payment from the Department for the Lender's Claim for Loss under the following instrument(s):

☐ Department Loan Guarantee Certificate Number _____

☑ Department Loan Insurance Agreement Number  LI20-5586 , with respect to the loan identified in **Exhibit A**.

The persons signing below represent to the Department that they have due authorization and power to sign this Assignment in the capacity stated and to bind the Lender.  The Lender also represents to the Department that immediately prior to making this Assignment, it was the sole owner of the Lender's interest in the documents and rights assigned hereby, or the duly authorized agent of all such parties.

This Assignment is binding on the Lender, as well as its officers, directors, employees, agents, heirs, executors, administrators, assigns, successors in interest, predecessors in interest, and anyone else claiming by, through or under the Lender.  In the event any claim, demand, or action is brought or pursued by, through, or under the Lender in contradiction of this Assignment, the Lender agrees to indemnify the Department and hold it harmless with respect to the claim, demand or action.

Lender: Native Community Capital

By: Dave Castillo

Its: Chief Executive Officer

DocuSigned by:

D57344D3EF5B4D2...

**Paperwork Reduction Act Statement:** This form is covered by the Paperwork Reduction Act.  It is used to transfer certain rights from the respondent to the Federal government.  The information is provided by respondents to obtain or retain a benefit.  In compliance with the Paperwork Reduction Act of 1995, as amended, the collection has been reviewed by the Office of Management and Budget and assigned a number and an expiration date.  The number and expiration date are at the top right corner of the form. An agency may not sponsor or conduct, and a person is not required to respond to, a request for information collection unless it displays a currently valid OMB Control Number.  The public reporting burden is estimated to average *1 hour per respondent*.  This includes the time needed to understand the requirements, gather the information, complete the form, and submit it to the Department. Comments regarding the burden or other aspects of the form may be directed to the Indian Affairs Information Collection Clearance Officer, Office of Regulatory Affairs – Indian Affairs, 1001 Indian School Road NW, Suite 229, Albuquerque, New Mexico 87104

**Privacy Act Statement (5 U.S.C. 552(a)):**  The authority for collecting this information is 25 U.S.C. 1511.  The information will be used to administer the Loan Guarantee, Insurance and Interest Subsidy Program, 25 U.S.C. 1481 *et* seq.  Disclosures of this information may be made to track and record payments and unpaid balances and provide information on payments made for paying interest subsidy, credits obtained, service loans made, and premiums paid by Lenders, and for the other routine uses described by system of record notice, BIA-13, Loan Management and Accounting System.

**EXHIBIT C**

DocuSign Envelope ID: A36F028B-D2EB-469A-955C-326E8BC7F90D

# Exhibit A
## Loan Documents

The following loan documents are all subject to the Assignment of Loan Documents and Related Rights, to which this Exhibit is attached. Except as otherwise noted, the loan documents are all dated _____October 1_____, 20 __19__ :

☑ Note from Lender to __JAB Holding, LLC_____
("Borrower") in the original principal amount of $__218,120_____.

☐ Deed of Trust/Mortgage from Borrower to Lender, recorded on _____, 20 __23____
at Book _____, Page _____ in the _____ (Recorder's Office).

☐ Security Agreement from Borrower to Lender.

☑ Financing statement from Borrower to Lender, recorded on _____September 8__, 20 __16____ at
Book _____, Page _____ in the __Arizona Secretary of State, File No. 2016-003-2794-6_____ (Recorder's Office).

☑ Guarantee from __A.E. Nelson Jr. and Dale A. Scoggins_____ ("Guarantor") to Lender.

☑ Other (specify) __Amended Notice of Filing of Foreign Judgment dated June 7, 2021_____
__Cause # C-1608-21-G; Native Community Capital v. Dale A. Scoggins, et al.; In the 370th District Court of Hidalgo County, Texas__ .

☑ Other (specify) __Judgment and Memorandum Opinion dated April 21, 2023_____
__Cause # 13-21-00270-CV; Scoggins, et al. v. Native Community Capital; In the 13th Texas Court of Appeals__ .

☑ Other (specify) __Legal Fees incurred by Native Community Capital as of August 1, 2023 in connection with loan_____
_____ .

☐ Other (specify) _____
_____ .

**EXHIBIT C**